UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| CHARLES B. WHITSETT, SR., | ) |
| Plaintiff | ) |
| | ) No. 3:17-1091 |
| v. | ) Judge Trauger/Brown |
| | ) **Jury Demand** |
| CORE CIVIC INC., | ) |
| Defendant | ) |

**TO:   THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

Presently pending is the Defendant's motion for summary judgment (Docket Entry 16) filed on November 20, 2017. The Defendant has failed to respond to the motion.

After reviewing the pleadings in this matter the Magistrate Judge recommends that the Plaintiff's case be dismissed for failure to exhaust administrative remedies and that any appeal from such dismissal not be certified as taken in good faith.

### BACKGROUND

The Plaintiff filed his case against Core Civic on July 27, 2017 (Docket Entry 1). In his complaint he alleged that on June 13, 2017, the Core Civic advised him to sign papers regarding the outbreak of scabies or they would be sent to segregation and lose good time. He alleged that the unit was locked down for three days. He further alleged that Core Civic did not properly screen female inmates for scabies or anything else and that they allowed female clothing to be washed with male clothing without bleach. He alleged that failure to screen female inmates posed a risk to his health and safety and constituted deliberate indifferent by Core Civic.

The Plaintiff alleges that he has been treated for scabies, but does not specifically allege that he had scabies. The Plaintiff makes no

allegation in his complaint that he has exhausted his administrative remedies about this matter prior to filing the suit.

On initial review (Docket Entry 3) the Plaintiff was allowed to proceed *informa pauperis pro se* since failure to allege exhaustion of administrative remedies in the complaint is not grounds for dismissal of the case. At the initial pleading stage the case was allowed to proceed on the Plaintiff's § 1983 claims. A scheduling order was entered in the matter (Docket Entry 13). In that scheduling order the Plaintiff was advised that responses to motions for summary judgment shall be filed within 21 days and that the failure to respond to a summary judgment motion and to the statement of facts may result in the Court taking the facts alleged in the matter as true and granting the relief requested.

Plaintiff was advised that he could not simply rely on his complaint, but must show that there is a material dispute of facts with citations of records, affidavits, or other matter of evidence, and that he should read and comply with Federal Rule of Civil Procedure 56 and Local Rule 56.03.

The Defendant subsequently filed a motion for summary judgment, supported by a memorandum of law, affidavits of medical staff, and an affidavit from Shannon Hindman, the Administrative Clerk and Grievance Coordinator at the Metro Davidson County Detention Facility, providing copies of the detention facility's grievance procedures and copies of all grievances filed by the Plaintiff prior to the filing of his lawsuit (Docket Entry 19).

The Defendant also filed a statement of undisputed material facts (Docket Entry 21) to which the Plaintiff has filed no response.

**LEGAL DISCUSSION**

The motion for summary judgment argues as an initial matter the Plaintiff's failure to exhaust his administrative remedies. Since the Magistrate Judge believes that this issue is dispositive of the matter the Magistrate Judge will not discuss the other issues raised in the motion for summary judgment. A review of the complaint itself does not show any allegations that the Plaintiff exhausted his administrative remedies about scabies, his treatment, or the lock down of the facility for three days.

The Plaintiff did not dispute the accuracy of the claim that he had not filed a grievance about the scabies, nor did he provide any information showing that he had filed any administrative grievance about either scabies or the alleged lock down of the facility for three days.

As the Defendant correctly pointed out in the memorandum of law (Docket Entry 17) in support of the motion for summary judgment (Docket Entry 16), the Prison Litigation Reform Act requires that a plaintiff exhaust his administrative remedies before filing suit in federal court. 42 U.S.C.§ 1997e(a); *Jones v. Bock, 549 U.S. 199 (2007).*

Where an inmate does not allege exhaustion in his complaint, once a defendant has raised exhaustion as an affirmative defense, the burden shifts to the inmate to demonstrate that he has actually complied with the applicable exhaustion requirements. *Napier v. Laurel County*, 636 F.3d 218 (225) (6th Cir. 2011). In this case the Plaintiff did not allege exhaustion in his complaint and once the Defendant raised lack of exhaustion as an affirmative defense the Plaintiff has totally failed to respond in any way to the Defendant's proof that the Plaintiff filed no grievance about scabies or the three day lock down.

Because the law seems crystal clear on this issue the Magistrate Judge will not address the remaining grounds for summary judgment raised by Core Civic.

3

Accordingly, the Magistrate Judge recommends that the Plaintiff's complaint be dismissed for failure to exhaust administrative remedies and that any appeal therefrom not be certified as taken in good faith.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the Plaintiff's case be dismissed for failure to exhaust administrative remedies and that any appeal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 10th day of January, 2018.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge